IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CHERYL BOUCHARD | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:17-cv-552-RSP |
| COMMISSIONER, SOCIAL | § | |
| SECURITY ADMINISTRATION | | |

**MEMORANDUM RULING**

On June 30, 2016, Administrative Law Judge James Linehan issued a decision finding that Petitioner Cheryl L. Bouchard was not disabled within the meaning of the Social Security Act from April 12, 2012 through the date of the decision. Ms. Bouchard, who was 56 with 11th grade education at that time, was found to be suffering from severe impairments consisting of lumbar, thoracic, and cervical spine degenerative disc disease, spinal disorder status post fusion surgery, scoliosis and obesity. These impairments resulted in restrictions on her ability to work, and she had not engaged in any substantial gainful activity since at least April 12, 2012, which was the date she underwent surgery installing a rod in her spine from T2 through L1 to correct her severe scoliosis. Before that time she had worked as a secretary/receptionist and admissions clerk. She was working part-time in that capacity at the time of her hearing, but at a level that the ALJ found was "slightly below the monthly substantial gainful activity" level. Tr. 65.

After reviewing the medical records and receiving the testimony at the May 24, 2016 video hearing at which Petitioner was represented by her counsel Gregory Giles, the ALJ determined that Petitioner had the residual functional capacity to perform sedentary work as defined in the Social Security regulations, except that she has postural limitations limiting her to occasional

1

pushing and pulling with her upper extremities, and only occasionally reaching overhead. She can never ascend or descend ropes, ladders, scaffolds, or stairs, and can only occasionally stoop, kneel, crouch, crawl, or balance. However, she has unlimited use of her hands for grasping, holding, and turning objects.

Relying upon the testimony of a vocational expert, Bonnie Ward, the ALJ determined that Petitioner had the capacity to perform her past relevant work as a receptionist and admissions clerk. This finding resulted in the determination that Petitioner was not entitled to Social Security benefits. Petitioner appealed this finding to the Appeals Council, which denied review on June 20, 2017. Petitioner timely filed this action for judicial review seeking remand of the case for award of benefits.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), cert. denied, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into

account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Petitioner raises three issues on this appeal:

1. The ALJ's residual functional capacity assessment is not supported by the objective evidence;

2. The ALJ erred in discrediting the opinions of Plaintiff's treating physicians;

3. The ALJ erred in presenting a hypothetical that did not properly address Plaintiff's limitations.

*Issue No. 1:*

Petitioner's primary argument on this issue is that the ALJ erred in relying upon his own assessment that Petitioner's spinal surgery was "successful" and that she was thus able to work. Petitioner makes the valid point that the record shows that the part-time work she was doing at the time of the hearing appeared to be sheltered work, in that it was provided by her husband's brother and appeared to allow greater flexibility in schedule than would be provided by competitive employment. However, whether the surgery was successful is not really the issue. The surgery was designed to stabilize Petitioner's spine and reverse the severe and continuing curvature of her spine. It appears to have accomplished that goal. The concerns about further surgery that Petitioner points to in the medical records are from the 2012 time frame, shortly after the surgery.

The real issue of this appeal, is whether substantial evidence supports the ALJ's finding that Petitioner can perform sedentary work without requiring more breaks and absences than are allowed in competitive employment, as defined in the Social Security regulations. That is the issue discussed next.

*Issue No. 2:*

Petitioner complains in this issue that the ALJ did not have a sufficient basis to disregard the opinions of her treating physicians as to her inability to work 8-hour days without more than the two 15-minute breaks and a lunch period allowed by the regulations, and the likelihood that she would miss two or more days per month due to her impairment. The ALJ relied upon records showing a generally good recovery from her surgery, generally good management of her pain, and her admitted ability to perform many activities of daily living and to work part-time. Tr. 68-72.

None of the treatment records discussed by the ALJ address whether Petitioner can sustain the work activity at issue here. If this were all the record offered, the ALJ would be entitled to draw his own conclusions. However, the record has opinions from three providers expressly on this point.

Dr. Shailesh Vora, M.D., a neurologist, examined Petitioner in November 2014, (Tr. 1005-1010) and found (in the ALJ's words) "claimant could sit for less than two hours in an 8-hour workday, stand and/or walk for less than two hours in an 8-hour workday; and was likely to miss work more than three times per month." Tr. 71. The ALJ gave this opinion "little weight" primarily because Petitioner was referred to Dr. Vora by her attorney, but also because the ALJ found the opinion inconsistent with the overall record and her activities of daily living. Petitioner admits that Dr. Vora's exam was on a referral from counsel, but argues that it was necessary because the Commissioner did not obtain a consultative exam. Dkt. No. 14 at 18.

Dr. S. Webb Sentell, Ph.D., MPAP, a treating medical neuropsychologist, issued an October 30, 2015 report finding that, while Petitioner could meet the standing, walking, and sitting requirements of sedentary work, she would need additional breaks (2-3 every 6 hours), and would

4

be limited to less than 10 pounds for lifting and carrying, even occasionally. Tr. 1223. He also found that she would miss work twice a month due to her impairments. Tr. 1226. The ALJ discounted this opinion for the same reasons as he did Dr. Vora's. Petitioner objects that Dr. Sentell was a treating provider, not referred by counsel. The Commissioner appears to concede this point, and the Court finds that there is no evidence in the record to support the ALJ's finding as to Dr. Sentell.

Dr. Meghan Harris is a treating neurologist who performed a functional capacity evaluation of Petitioner in a report dated May 31, 2016, the month before the ALJ's hearing. Tr. 1320-1323. Dr. Harris used Dr. Sentell's report and added her own remarks and initialed all of the findings with which she agreed. As to the issue relevant here, Dr. Harris wrote in by hand "severe spasms, pushing neck forward – needs break each hour to avoid major spasm." Tr. 1320. Dr. Harris also limited the sitting to "about 3 hours" rather than the six that Dr. Sentell had found, and limited the standing and walking to "less than 2 hours." *Id*. As with Dr. Sentell, the ALJ discounted Dr. Harris' opinions stating "it is emphasized that the claimant underwent the examinations that formed the basis of the opinions in question not in an attempt to seek treatment for symptoms, but rather through attorney referral and in connection with an effort to generate evidence for the current appeal. Further, the doctor was presumably paid for the report." Tr. 72. As with Dr. Sentell, Petitioner denies that Dr. Harris was an "attorney referral," the Commissioner concedes the point, and the Court finds no evidence in the record to support the ALJ's position.

The Court cannot ignore that fact that there is no evidence in the record to support the ALJ's assumption that these are not opinions of valid treating providers. The Commissioner does not even argue that they are. The other bases for discounting these opinions are purely

5

conclusory—that the opinions inconsistent with unspecified objective medical evidence of record. The only medical evidence that expressly supports the ALJ's RFC is the consultative report of Dr. Betty Santiago, who never examined Petitioner and merely reviewed records in October 2012, nearly 4 years before the hearing, and found her capable of light work. Tr. 543. This report was approved by Dr. Robin Rosenstock, another state agency medical consultant in a single page form. Tr. 585. Even the ALJ discounted this report because of its age and its failure to include all of the records after 2012. Tr. 71.

The vocational expert, Ms. Ward, testified that these limitations concerning breaks and absences, if accepted, would preclude any available work and require a finding of disability. Tr. 111.

The Fifth Circuit has long held that "ordinarily the opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded considerable weight in determining disability." *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir.1985). However, "[T]he ALJ has the sole responsibility for determining the claimant's disability status." *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir.1990). Thus, the Fifth Circuit has held that:

> "when good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony. The good cause exceptions we have recognized include disregarding statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence."

*Scott v. Heckler*, 770 F.2d 482 at 485 (5th Cir. 1985).

The Court finds that the ALJ has failed to articulate a sufficient basis for the RFC. There were three doctors who examined Petitioner and made very specific findings about her limitations

6

in their reports. The ALJ discounted all three opinions on the same grounds. Grounds that are undeniably unsupported as to two of them. There is no dispute that the radiological evidence shows a degenerative condition that could account for the disabling limitations they each found. Petitioner has such a severe scoliosis that she underwent a posterior spinal fusion with rod and screws from T2 to L1, spanning 10 levels. Tr. 482. Petitioner's testimony supports the limitations. A consultative, non-examining, agency physician's report, which the ALJ found unpersuasive, does not constitute substantial evidence to support the sedentary work RFC.

The Court is mindful of the teaching of *Scott v. Heckler*, above, but does not find that the Commissioner has met the standard set forth by the Fifth Circuit.

*Issue No. 3:*

This last issue concerns the fact that the vocational expert relied upon the disputed RFC finding in rendering her opinion. In view of the fact that the Court has found the RFC to be unsupported on this record, this last issue need not be reached. If further medical evidence is gathered on remand, the Commissioner can address the RFC on the entire record.

*Conclusion:*

Having determined that the decision is not supported by substantial evidence, the ruling below is reversed and remanded to the Commissioner pursuant to the fourth sentence of 42 U.S.C. §405(g) for further proceedings consistent with this ruling.

**SIGNED this 24th day of July, 2018.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE